IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ELIAZAR RAMIREZ-VEGA, ET AL.,

Plaintiffs,

v.

WAL-MART PUERTO RICO, INC.,

Defendant.

Civil No. 12-1361 (SEC)

**OPINION AND ORDER**

Before the Court are the defendant's motion to dismiss (Docket # 8), the plaintiffs' opposition thereto (Docket # 14), and the parties' respective replies (Dockets # 17 & 20). After reviewing the filings and the applicable law, the defendant's motion is **GRANTED in part and DENIED in part**.

**Factual and Procedural Background**

The plaintiffs, Eliazar Ramirez, his wife, and their conjugal partnership (collectively, "Plaintiffs"), bring this suit under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, against Wal-Mart of Puerto Rico ("Wal-Mart"), Ramirez's former employer. The complaint also asserts an employment discrimination claim under the Puerto Rico Anti-Discrimination Act (also known as Law 100), P.R. Laws. Ann. tit. 29, §§ 146–151, an unjustified dismissal claim under Puerto Rico Law 80, P.R. Laws Ann. tit. 29, §§ 185a-m, and a general tort claim under Puerto Rico's Article 1802, P.R. Laws Ann. tit. 31, § 5141.

Because the Court is ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), it will draw Plaintiffs well-pleaded facts from their complaint, supplementing them with references to documents annexed to or fairly incorporated into it. Katz v. Pershing, LLC, 672 F.3d 64, 69 (1st Cir. 2012).

**CIVIL NO. 12-1361 (SEC)** **Page 2**

The 57-year-old Ramirez started working for the defendant in March 2003, as an "Assistant Manager" at the Bakery Department for a Wal-Mart store in Puerto Rico. Docket # 1, ¶ 1. In March 2008, Ramirez was transferred to the Bakery Department of another Wal-Mart store located in Ponce, Puerto Rico. At all times, Ramirez's performance was "excellent." Id. ¶ 7.

In August 2009, Luis Alcina became Ramirez's direct supervisor. Shortly thereafter, Alcina and the store manager, Zoraida Vechioli, "started a harassment, discrimination and retaliation campaign against the plaintiff, due to his age, and later on due to his opposition against defendant's unlawful employment practice." Id. ¶ 2.

According to the complaint, Alcine and Vechioli, "almost on a daily basis," made derogatory comments to Ramirez regarding his age; they "constantly called him "viejito" (oldie), "el viejo ese" (that old man), instead of referring to him by his name." Id. ¶ 6. Ramirez also alleges that Alcina and Vechioli changed his duties and functions by assigning him to other Wal-Mart departments where he had no prior management experience, and without providing him with any training, Alcina and Vechioli would constantly threaten him "with disciplinary actions due to his alleged deficient performance." Id. ¶ 5. Although Alcina and Vechioli assigned support personnel to other similarly-situated managers, which were younger and had less seniority than Ramirez, they never assigned such personnel to him. Instead, they gave him "impossible time frame[s]" within which he had to complete his duties. Id. They also criticized his performance "for totally false and unjustified reasons and constantly threatened the plaintiff with the termination of his employment." Id. ¶ 5.

Ramirez alleges that "on several occasions" he complained to Wal-Mart's Human Resources personnel ("HR") about Alcina and Vechioli's actions. In fact, the complaint asserts that Alcina referred to Ramirez as "el viejo" in front of one of Wal-Mart's HR directors, Ramirez's complaints notwithstanding, HR neither conducted an investigation nor took any type

**CIVIL NO. 12-1361 (SEC)**                                                                                                    Page 3

of remedial action. "Immediately" thereafter, Alcina and Vechioli told Ramirez that "he was going to be discharged due to his harassment and discrimination complaints." Id. ¶ 11.

As a result of Wal-Mart's supposed failure to take remedial actions, Ramirez's "working conditions became intolerable, and drastically and negatively affected his mental and emotional condition." Id. ¶ 11. On September 14, 2010, Wal-Mart, Alcina, and Vechioli terminated Ramirez "for totally false and pretextual reasons," and replaced him "with a younger employee with less seniority and experience" than him. Id. ¶ 13. According to the complaint, Ramirez even trained his replacement.

Against this backdrop, Plaintiffs filed this suit on May 17, 2012, alleging that Wal-Mart discriminated against Ramirez because of his age and retaliated against him for complaining to HR. Alleging garden-variety damages, Plaintiffs request a compensation of $1.5 million. Wal-Mart then moved to dismiss the complaint for failure to state a claim upon which relief could be granted, see Fed. R. Civ. P. 12(b)(6), assailing the sufficiency of Plaintiffs' allegations. Docket # 8. Wal-Mart also contends that Plaintiffs have failed to make a prima facie case under the ADEA. Plaintiffs timely opposed. Docket # 14.

**Standard of Review**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs' "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." Clark v. Boscher, 514 F.3d 107, 112 (1st Cir. 2008). In evaluating whether the plaintiffs are entitled to relief, the court must accept as true all "well pleaded facts [and indulge] all reasonable inferences" in their favor. Bell Alt. Corp. v. Twombly, 550 U.S. 544, 556 (2007). Nevertheless, even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has held that to survive a motion to dismiss a complaint must allege "enough facts to state a claim to relief that is plausible on its face. Id. at 570. Although complaints need not contain detailed factual allegations, and

**CIVIL NO. 12-1361 (SEC)**                                                                                     **Page 4**

the plausibility standard is not akin to a "probability requirement," it still ask for more than a sheer possibility that a defendant has acted unlawfully. Id. at 556.

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court reaffirmed Twombly and clarified that two underlying principles must guide a court's assessment of the adequacy of pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. First, a court must identify any conclusory allegations in the complaint, as such allegations are not entitled to an assumption of truth. Id. at 677. That is to say, courts must disregard "rote repetition of statutory language," McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 217 (1st Cir.2012), as "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 677 (citing Twombly, 550 U.S. at 555); see also Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011) ("[S]ome allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory to the factual."). Put another way, "[a] plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

Second, a complaint survives only if it states a plausible claim for relief. Iqbal, 556 U.S. at 670. A claim has facial plausibility when the pleaded facts allow the court to reasonably infer that the defendant is liable for the specific misconduct alleged. Id. at 677, 682. Such inferences must amount to more than a sheer possibility and be as plausible as any obvious alternative explanation. Id. at 677. Plausibility is a context-specific determination that requires the court to draw on its judicial experience and common sense. Id. at 678. Because "the response to Twombly and Iqbal is still a work in progress," Menard v. CSX Transp., Inc., 698 F.3d 40, 45 (1st Cir. 2012), however, the First Circuit has cautioned that "'some latitude' may be appropriate where a plausible claim may be indicated 'based on what is known,' at least where . . . . 'some

**CIVIL NO. 12-1361 (SEC)**                                                                                    Page 5

of the information needed may be in the control of [the] defendants.'" Id. (quoting Pruell v. Caritas Christi, 678 F.3d 10, 15 (1st Cir. 2012)).

The aforementioned requirements complement a bedrock principle: a complaint must contain enough detail to give "a defendant fair notice of the claim and the grounds upon which it rests." Ocasio-Hernández, 640 F.3d at 8 (citing Fed. R. Civ. P. 8(a)(2)). So, while a complaint must be supported by facts and not mere generalities, "only enough facts to make the claim plausible" are required. Liu v. Amerco, 677 F.3d 489, 497 (1st Cir. 2012). "The place to test factual assertions for deficiencies and against conflicting evidence is at summary judgment or trial." Id. Accordingly, even after Twombly and Iqbal, "[d]ismissal of a complaint under Rule 12(b)(6) is inappropriate if the complaint satisfies Rule 8(a)(2)'s requirement of a short and plain statement of the claim showing that the pleader is entitled to relief." Ocasio-Hernández, 640 F.3d at 11.

**Applicable Law and Analysis**

*Whether Ramirez failed to plead a prima facie case*

As a preliminary matter, Wal-Mart choice of litigation strategy has obfuscated the correct legal standard; Plaintiffs need not plead the elements of a prima facie case to survive dismissal under the ADEA. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002) (holding that "an employment discrimination plaintiff need not plead a prima facie case of discrimination").[1] That postulate has been universally accepted by most circuits. See, e.g., Sheppard v. David Evans & Assoc., 694 F.3d 1045, 1050 n. 2 (9th Cir. 2012); Serrano v. Cintas Corp., 699 F.3d 884, 898 (6th Cir. 2012); Jones v. Air Line Pilots Ass'n, Int'l, 42 F.3d 1100, 1104 (D.C.Cir. 2011) (["A]n employment discrimination plaintiff is not required to plead every fact necessary to establish a

---

[1] Swierkiewicz remains good law after the Supreme Court's decision in Twombly. Keys v. Humana, Inc., 684 F.3d 605, 609 (6th Cir.2012) ("The Supreme Court's subsequent decisions in Twombly and Iqbal did not alter its holding in Swierkiewicz.").

**CIVIL NO. 12-1361 (SEC)**                                                                 Page 6

prima facie case to survive a motion to dismiss."); see also, e.g., Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) ("[A] plaintiff merely must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (emphasis added). Accord, e.g., Swierkiewicz, 534 U.S. at 512 ("Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases."). The Court nonetheless entertains Wal-Mart's strategy insofar as Plaintiffs "play along," and, in any event, plead a plausible prima facie case of age discrimination and retaliation.

*A. Age Discrimination*

The ADEA provides that it is unlawful for an employer to "refuse to hire or to discharge any individual or otherwise discriminate against [him] with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In the absence of direct evidence of age discrimination, courts evaluate ADEA claims under the three-stage burden-shifting framework instituted in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973); Cameron v. Idearc Media Corp., 685 F.3d 44, 48 (1st Cir. 2012). As relevant here, the first McDonnell Douglas stage establishes that the plaintiff has the initial burden of establishing a prima facie case of discrimination. "In an ADEA action this requires a showing [1] that he or she was at least 40 years old at the time of discharge; [2] that he or she was qualified for the position but [3] was nevertheless fired; and [4] the employer subsequently filled the position." Id. Acevedo-Parrilla v. Novartis Ex-Lax, Inc., 696 F.3d 128, 138 (1st Cir.2012) (citation and internal quotation marks omitted).

Here, Wal-Mart only questions whether Ramirez meets the second prong: that he was qualified for the position that he held. Wal-Mart posits that he has failed to plead that he "was performing his job in an efficient manner, so as to meet Company standards." Docket # 8, p. 7. According to Wal-Mart, Ramirez's allegation that his performance was "excellent is a "'bare

**CIVIL NO. 12-1361 (SEC)**                                                                 Page 7

assertion' and a mere 'formulaic recitation' for one of the elements for an age discrimination claim. Id. (quoting Iqbal, 556 U.S. at 681) (quoting in turn Twombly, 550 U.S. at 555). This argument is without merit.

In order to meet his burden under the "qualified" prong of the prima facie case, Ramirez must come forward with "evidence which, if believed, prove[s] that he was doing his chores proficiently." Freeman v. Package Mach. Co., 865 F.2d 1331, 1335 (1st Cir.1988). The First Circuit has "regularly described" this prong "as a 'low standard' for the prima facie showing in a discrimination case." Acevedo-Parrilla, 696 F.3d at 140 (quoting Velez v. Thermo King de Puerto Rico, Inc., 585 F.3d 441, 447 (1st Cir. 2009)) (quoting in turn Zapata-Matos v. Reckitt & Colman, Inc., 277 F.3d 40, 44 (1st Cir. 2002)).

At the motion to dismiss stage, Ramirez easily meets this prong, which, as related above, the First Circuit has described as "modest." Rathbun v. Autozone, Inc., 361 F.3d 62, 71 (1st Cir. 2004). According to the complaint, Ramirez had worked for Wal-Mart since 2003, thus having "a long history of employment at the company . . . ." Acevedo-Parrilla, 696 F.3d at 140; see also Marquez-Ramos v. Puerto Rico, No. 11-1547, 2012 WL 1414302, at *8 (D.P.R. Apr. 2, 2012) (finding plaintiff qualified at the motion to dismiss stage because she had been employed by defendant for almost two years) (citing Acevedo v. Potter, No. 08-1468, 2009 WL 6353880 (D.P.R. Dec. 14, 2009) (finding, in the motion to dismiss context, that plaintiff was qualified since defendant had employed plaintiff for over two years)). During Ramirez's tenure at Wal-Mart, his performance was excellent, an allegation that must be credited at this procedural juncture. Wal-Mart's contention that the Plaintiffs' use of the term "excellent" is a mere "formulaic recitation" of the legal standard is unavailing. Saying that one's performance is excellent is plainly not the same as alleging that one is qualified for the position held. The latter, "rote repetition of statutory language," McKenna, 693 F.3d at 217, contravenes Iqbal, while the former does not. This ends the matter.

**CIVIL NO. 12-1361 (SEC)**                                                                 Page 8

*B. Hostile Work Environment*

Next, Wal-Mart contends that Plaintiffs have failed to make a prima facie case on their hostile work environment claim under the ADEA. The Court agrees with Wal-Mart that such a claim fails to meet the pleading standards of Iqbal, albeit on other grounds. The hostile work environment claim under the ADEA cannot survive for a more fundamental reason: It was not even pled as a claim, but alluded to only once on the fifth page of the complaint. Such a lackluster effort dooms the claim. Marrero-Rodriguez v. Municipality of San Juan, 677 F.3d 497, 501 (1st Cir. 2012) ("Plaintiff's purported Fourth Amendment claim fails to meet the pleading standards of Iqbal [since it] was not even pled as a claim, but only mentioned on the first page of the complaint.") (citation omitted); accord Fabrica de Muebles J.J. Alvarez, Incorporado v. Inversiones Mendoza, Inc., 682 F.3d 26, 34 (1st Cir. 2012) (affirming dismissing under Iqbal "because . . . statutes are briefly mentioned in the complaint . . . rather than pled as causes of action . . . "). The Court need not go further. Plaintiffs' hostile work environment claim under the ADEA is therefore **dismissed**.

*C. Retaliation*

Besides proscribing age discrimination, the ADEA protects individuals who invoke the statute's protections. See 29 U.S.C. § 623(d). In the absence of direct evidence of retaliation, courts also follow the McDonnell Douglas framework. As relevant here, the plaintiff must first make "a prima facie showing that (i) he engaged in ADEA-protected conduct, (ii) he was thereafter subjected to an adverse employment action, and (iii) a causal connection existed between the protected conduct and the adverse action." Muñoz v. Sociedad Española de Auxilio Mutuo y Beneficiencia, 671 F.3d 49, 55 (1st Cir.2012) (quoting Mesnick v. Gen. Elec. Co., 950 F.2d 816, 827 (1st Cir.1991)).

Wal-Mart focuses its attack on the third prong, alleging that Plaintiffs' allegations that Ramirez's termination came about after he complained to HR are insufficient to establish the

**CIVIL NO. 12-1361 (SEC)**                                                                                              **Page 9**

requisite causal connection. Wal-Mart concedes (as it must), that temporal proximity can support an inference that the protected conduct caused the adverse action. Docket # 8, p. 9 (citing <u>Bennet v. Saint-Gobain Corp</u>., 507 F.3d 23, 32 (1st Cir. 2007)). Nevertheless, to survive dismissal, Wal-Mart says, Plaintiffs had to allege "when and the manner in which Ramírez complained of the alleged harassment in relation to when he was terminated." Docket # 8, p. 9. According to Wal-Mart, Ramirez also had to identify the HR directors to whom he allegedly reported the discriminatory behavior. Wal-Mart's argument falls way short.

      As a threshold matter, Wal-Mart has provided this court with no authorities standing for the proposition that, in order to survive dismissal, a plaintiff must mention the names of the persons to whom he complained to about the discriminatory behavior. The cases cited by Wal-Mart in its reply are inapposite; those cases relate to a plaintiff's failure to reveal the identities of the <u>defendants and alleged harassers</u>. And Plaintiffs unequivocally named Alcina and Vechioli as the alleged harassers. To be sure, it makes sense that a plaintiff would reveal this information at the outset, not least to avoid an attack such as the one Wal-Mart is mounting here. But nothing <u>requires</u> a plaintiff to do so. Quite the opposite is true: the Supreme Court has rejected the requirement "that a plaintiff claiming employment discrimination include in his or her complaint 'specific facts establishing a prima facie case of discrimination.'" <u>Educadores Puertorriquenos en Accion v. Hernandez</u>, 367 F.3d 61, 65 (1st Cir. 2004) (quoting <u>Swierkiewicz</u>, 534 U.S. at 508). In any event, it could be inferred that the HR personnel to whom Ramirez complained to worked at the same Wal-Mart store; according to the complaint, for instance, Alcina referred to Ramirez as "el viejo" in front of one of Wal-Mart's HR directors. Discovery, of course, may reveal the identity of the HR directors in question. E.g., <u>Menard</u>., 698 F.3d at 45.

      The same conclusion follows with respect to Wal-Mart's other argument. It is true that Ramirez did not state the dates in which he complained of the alleged discriminatory conduct. Admittedly, such omissions can complicate matters for a plaintiff at the motion to dismiss stage,

**CIVIL NO. 12-1361 (SEC)**                                                                              Page 10

and may even prove fatal later. Here, however, the alleged discriminatory acts, the complaints thereto, and the ensuing termination all occurred within a relatively short span of time, namely from August 2009 to September 2010. Indeed, according to the complaint, "immediately" after Ramirez complained to HR, Alcina and Vechioli told him that he would get fired. And, it turns out, Ramirez was indeed terminated.

At this plaintiff-friendly stage, the temporal proximity between such events suffices to satisfy the third prong. "On a motion to dismiss, [courts] are obligated to view the facts of the complaint in the light most favorable to the plaintiffs, and to resolve any ambiguities in their favor." Ocasio-Hernandez, 640 F.3d at 17. And the collective weight of Plaintiffs' factual allegations, nudge their claims "across the line from conceivable to plausible," Twombly, 550 U.S. at 570; see also Liu, 677 F.3d at 497 (noting that Twombly and Iqbal "require that facts and not mere generalities be set forth in a complaint, but only enough facts to make the claim plausible, and at this stage reasonable inferences are taken in favor of the pleader") (citation omitted and emphasis added). Plaintiffs plead a plausible case of retaliation.

**Conclusion**

For the reasons stated, the defendant's motion to dismiss is **GRANTED in part and DENIED in part**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of December, 2012.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge